## CHIN HING v. UNITED STATES.

Circuit Court of Appeals, Fifth Circuit.
March 8, 1928.

No. 5072.

1. Aliens ⊙⟳32(8)—Order for deportation of Chinese person claiming citizenship held unwarranted under evidence.

An order for deportation of a person of Chinese descent, against uncontradicted evidence that he was born in this country and the fact that he was able to speak and read the English language, *held* unwarranted.

2. Aliens ⊙⟳32(8)—Testimony of Chinese persons claiming to be native citizens should be given as fair consideration as that of other witnesses.

The same fairness and impartiality should govern in weighing testimony of persons of Chinese descent, who claim to be citizens of this country, as are given to any other class of witnesses.

Appeal from the District Court of the United States for the Eastern District of Louisiana; Louis H. Burns, Judge.

Chin Hing was ordered deported, and from an order of the District Judge, affirming the order of deportation, he appeals. Reversed and remanded.

St. Clair Adams and Hugh S. Suthon, both of New Orleans, La., for appellant.

Wayne G. Borah, U. S. Atty., and E. E. Talbot, Asst. U. S. Atty., both of New Orleans, La.

Before WALKER, BRYAN, and FOSTER, Circuit Judges.

BRYAN, Circuit Judge. Chin Hing, a person of Chinese descent, was ordered deported by a United States commissioner

on the grounds that he was a Chinese laborer and had unlawfully entered the United States. He appealed to the District Judge, who affirmed the order of the commissioner, and he now appeals to this court.

[1] Appellant contends that he is a native-born citizen of the United States, and that consequently the order of deportation is erroneous. The District Judge did not hear the witnesses, but affirmed the order on the evidence taken before the commissioner. Appellant testified that he was born at San Francisco in 1903; that, his father having died and his mother having abandoned him, his uncle, Chin Gong Foo, brought him to New Orleans in 1909, where he had since lived; that for a year or more he had been working for Foo Loy & Co., a partnership composed of his uncle, Chin Bing, and Wong Fook, who were engaged in the shrimp business. Appellant could read and speak the English language. His testimony was corroborated in detail by his uncle, and by Chin Bing, who claims that he had known him in San Francisco and during the entire time of his residence in New Orleans. Two white witnesses testified for appellant that they had known him for several years, but they later appeared before the commissioner and withdrew their testimony, stating that they had been induced to give it by Chin Bing, and later discovered that it was a different Chinaman they knew. Aside from this circumstance, the government introduced no evidence.

We are of opinion that appellant fairly met the burden that was on him to prove that he is a citizen of the United States. There is nothing inherently improbable or unreasonable in the testimony submitted to sustain his claim of citizenship. He was corroborated by two witnesses, who were in position to know the facts, and by the circumstance that he was able to read and speak the English language. The testimony of the two white witnesses is of little weight, especially since the District Judge did not have them before him. Even if their testimony could be held sufficient to discredit Chin Bing, the testimony of appellant and his uncle still remains unimpeached. It is only by arbitrarily rejecting the uncontradicted testimony that the order of deportation can be sustained.

[2] The same fairness and impartiality should govern in considering and weighing the testimony of persons of Chinese descent who claim to be citizens of this country as are given to the testimony of any other class of witnesses. Kwock Jan Fat v. White, 253 U. S. 454, 40 S. Ct. 566, 64 L. Ed. 1010; Yee Chung v. United States (C. C. A.) 243 F. 126. The case was not capable of any better proof than was made. We are of opinion that it satisfactorily was made to appear that appellant is a citizen of the United States.

The judgment is reversed, and the cause remanded for further proceedings not inconsistent with this opinion.